**Robert Lee and Rass Dee Ann JOHNESE, Individually and on Behalf of Their Minor Son, Ryan Lee Johnese, Plaintiffs,**

v.

**JEFFERSON DAVIS MEMORIAL HOSPITAL and Thomas L. Purvis, M.D., Defendants.**

**Civ. A. No. J85–1165(B).**

United States District Court,
S.D. Mississippi,
Jackson Division.

July 15, 1986.

Gary E. Alexander, Jr., Edward P. Sutherland, Baton Rouge, La., Edward Pace, Picayune, Miss., for plaintiffs.

Walter Trown, Natchez, Miss., Cary E. Bufkin, Jackson, Miss., for defendants.

## MEMORANDUM OPINION AND ORDER

BARBOUR, District Judge.

The Complaint in this diversity action was filed on December 20, 1985, alleging various acts of negligence by both Defendants in the care and treatment of Plaintiffs' minor son on December 23, 1984. Defendant Jefferson Davis Memorial Hospital has now moved for summary judgment on the ground that it is entitled to immunity from suit on account of any negligent or tortious acts of the hospital or its employees.

Defendant's claim to immunity is based upon *Miss. Code Ann.* § 41–13–11(1) (Supp. 1985) which states, in part, as follows:

Except to the extent provided in sub-section (2) of this section, and until October 1, 1986, each owner or board of trustees which establishes, maintains, constructs, operates, remodels, equips, furnishes, expands or contracts for the establishment, maintenance, construction, operation, remodeling, equipping, furnishing or expansion of any community hospital pursuant to the provisions of Section 41–13–15, shall not be liable for and shall be immune from suit at law or in equity on account of any wrongful or tortious acts or omission by any such governmental entity or its employees relating to or in connection with any activity or operation of such community hospital....

*Miss. Code Ann.* § 41–13–11(1) (Supp. 1985)[1]. In support of its Motion, Defendant has alleged that it is a community hospital owned by Adams County, Mississippi, and thereby operated pursuant to Title 41, Chapter 13 of the Mississippi Code of 1972, as amended. These allegations have not been contested by Plaintiffs and the hospital is thereby entitled to immunity pursuant to Section 41–13–11.

Although Section 41–13–11(2) does contain a limited waiver of immunity "[i]f liability insurance is in effect," the Plaintiffs herein have entirely failed to allege or prove that Defendant has any liability insurance "in effect" which would be available to satisfy any judgment rendered herein. This Court therefore finds that Defendant is entitled to immunity under the terms of Section 41–13–11(1).

This Court further notes that although both parties have argued the effect of the Mississippi Supreme Court's decision in *Pruett v. City of Rosedale,* 421 So.2d 1046 (Miss.1982) (abolishing *judicial* doctrine of sovereign immunity effective July 1, 1984) and the legislation enacted subsequent to that decision, *Miss. Code Ann.* § 11–46–1, *et seq.* (1985), neither the *Pruett* decision nor the provisions of Sections 11–46–1, *et seq.* are applicable to this case. While the *Pruett* decision abolished the judicial doctrine of sovereign immunity, the Defendant's immunity in this case is not based on the judicial doctrine or the legislation en-

---

**1.** Although Section 41–13–11 has been amended several times since its enactment in 1982, the result in this case is not affected by any of those amendments.

acted to replace that doctrine. From the date Plaintiffs' cause of action accrued, December 23, 1984, to the present, the immunity of community hospitals in Mississippi has been governed by the provisions of Section 41–13–1. Therefore, neither the *Pruett* decision nor the provisions of Sections 11–46–1, *et seq.* have any bearing on the resolution of this Motion.

In accordance with the above, Defendant's Motion for Summary Judgment is granted and the action against it is dismissed with prejudice. A separate judgment in accordance with Rule 58 of the Federal Rules of Civil Procedure shall be entered herein.